## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Antonio Elton Hubbard

March 16, 2016

Case Nos. CR-15015412-01, CR-15015412-02

By Judge Michael T. Garrett

On the March 14, 2016, came the Commonwealth upon a Motion *in Limine*, seeking a ruling on the admissibility of an Order of Conviction and Sentencing of November 26, 1984, in the Lynchburg Circuit Court, Lynchburg, Virginia, wherein the Defendant, Antonio Elton Hubbard, was convicted of two counts of distribution of cocaine. Now therefore, upon consideration of the arguments of counsel, the Court finds that this issue is controlled by § 17.1-123 of the Code of Virginia, as amended, which provides as follows:

> A. All Orders that make up each days proceedings of every Circuit Court shall be recorded by the Clerk in a book known as the Order Book. Orders that make up each days proceedings that have been recorded in the Order Book shall be deemed the official record pursuant to § 8.01-389 when:
> (i) the Judge's signature is shown in the Order
> (ii) the Judge's signature is shown in the Order Book or
> (iii) an Order is recorded in the Order Book on the last day of the term showing the signature of each Judge presiding during that term.

The Court finds that the document presented is from the Order Book of the Lynchburg Circuit Court. This record constitutes pages 245, 246, 247, and 248 of the Order Book. The date in question is set forth in the Order Book under the following heading:

Monday, November 26, 1984

Virginia: At a Circuit Court for the City of Lynchburg, continued and held at the Courthouse thereof, on Monday, the 26th day of November, A.D., 1984.

Present, the Honorable Norman K. Moon, Judge.

Present, the Honorable O. Raymond Cundiff, Judge Designate.

Thereafter, each order is set forth for the individual cases decided on Monday, May 26, 1984. The first Order involves Commonwealth v. Valeria Ann Megginson Howard, defendant. The end of the Order is designated by "/ /". Thereafter, Judge Cundiff's name is signed to the Order Book. Immediately thereafter, orders are entered in Commonwealth v. Wayne Adrien Souser, followed by "/ /" delineating the end of the Order in that case, as well as each of the following cases. The Court finds that, after the single order entered by Judge Cundiff, the remaining document sets forth one long order, which encompasses numerous short orders for each identified case, separated and delineated for each case by "/ /". This long Order is signed. by Judge Norman K. Moon, with the typed name "Judge Moon" beside his hand-signed signature. The Court finds that, by his signature, Judge Moon entered one long Order, which was comprised of numerous short Orders for each case as set forth above his signature.

Therefore, the Court finds that the document as presented by the Commonwealth, complies with § 17.1-123, in that the days proceedings for the Lynchburg Circuit Court were properly recorded by the Clerk in the Order Book and as required by (ii) of § 17.1-123, the Judge's signature is shown in the Order Book in this case at the end of all of the Orders that he entered. The signature by Judge Moon at the end of the cases over which he presided is legally sufficient and clear. If an Order entered at the end of the term is legally sufficient, then an Order from the Order Book signed by the two judges under the cases that they each presided over on a particular day is legally sufficient.

Therefore, the Court rules that the record of the aforesaid Order Book properly sets forth the Order and conviction of the defendant of November 26, 1984, and is properly admissible.

The Court directs counsel to confer as to the manner of redacting this document, so that the jury is not made aware of the charge of conspiracy to distribute cocaine against the defendant, which was *nolle prosequied* in the same string of orders, which is included within the Order Book pages for November 26, 1984.